1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5          FOR THE EASTERN DISTRICT OF CALIFORNIA

6

ERIC LEE HACKETT,                          1:05-CV-00771-AWI-TAG-HC

7
              Petitioner,
8
      vs.                                   REPORT AND RECOMMENDATION TO
9                                           DISMISS PETITION FOR WRIT OF HABEAS
                                            CORPUS (Doc. 1)
10    MATTHEW G. GUERRERO,

11
              Respondent.
12    _____/

13          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

14    pursuant to 28 U.S.C. § 2254.

15          On March 13, 2006, the court issued an order requiring petitioner to submit a new application

16    to proceed in forma pauperis and a certified copy of his prison trust account statement for the entire

17    six-month period immediately preceding the filing of the petition or pay the $5.00 filing fee for this

18    action, within 30 days from the date of service of the order.  (Doc. 13).  The 30-day  period has

19    passed, and petitioner has failed to comply with or otherwise respond to the court's order.

20          In determining whether to dismiss an action for lack of prosecution, the court must consider

21    several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

22    manage its docket; (3) the risk of prejudice to respondents; (4) the public policy favoring disposition

23    of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan,

24    779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court finds

25    that the public's interest in expeditiously resolving this litigation and the court's interest in managing

26    the docket weigh in favor of dismissal, as this case has been pending since June 14, 2005.  The third

27    factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of

28                                              1

1  injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air

2  West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of

3  cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

4  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal

5  satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262;

6  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order of March 13, 2006,

7  expressly stated: "Failure to comply with this order will result in a recommendation that this action

8  be dismissed." Thus, petitioner had adequate warning that dismissal would result from his

9  noncompliance with the court's order.

10  Moreover, the court notes that this is the second time that petitioner has been ordered to

11  provide documentation of his in forma pauperis status. On August 10, 2005, petitioner was first

12  ordered to provide such documentation. (Doc. 4.) He did not. Thereafter, on September 26, 2005,

13  the court issued a report and recommendation to dismiss the petition. (Doc. 5.) On October 6, 2005,

14  petitioner finally responded with objections, thus necessitating an order vacating the report and

15  recommendation of September 26, 2005. (Docs. 6 & 7).

16  Now, again, petitioner has been ordered to comply with the court's requirements regarding in

17  forma pauperis status and this second report and recommendation to dismiss the petition is being issued.

18  As a result of the foregoing, the petition has now been pending in this court since June 14, 2005, without

19  the preliminary matter of petitioner's in forma paueris status ever having been resolved. Although the

20  court is prepared to give petitioner some leeway in responding to the court's orders, petitioner has now

21  reached the point where his conduct is becoming dilatory and undeserving of further indulgence by the

22  court.

23  Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED for

24  petitioner's failure to prosecute. This Report and Recommendation is submitted to the United States

25  District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and

26  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

27  California. Within 20 days after being served with a copy, any party may file written objections with

28

2

the court and serve a copy on all parties.   Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."   Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 23, 2006**
**j6eb3d**

_____/s/ **Theresa A. Goldner**_____
UNITED STATES MAGISTRATE JUDGE

3