UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC LEE HACKETT, | ) | 1:05-cv-00771-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION TO |
| | ) | DISMISS PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS AS MOOT (Doc. 1) |
| | ) | |
| | ) | |
| MATTHEW G. GUERRERO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition on June 14, 2005, claiming that his parole had been unlawfully revoked and that his subsequent re-incarceration was illegal. (Doc. 1). The only relief Petitioner requests in his petition is "That I be released." (Doc. 1, p. 6). On November 21, 2006, Petitioner filed a change of address with the Court indicating that he had been discharged from parole on November 26, 2006, and would be residing at a private address in Fresno, California. (Doc. 18).

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Court has no power to decide cases that do not affect the rights of litigants in the case before them. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-528 (9th

1  Cir. 1996). "To satisfy the Article III case or controversy requirement, a litigant must have
2  suffered some actual injury that can be redressed by a favorable judicial decision." <u>Iron Arrow</u>,
3  464 U.S. at 70; <u>Simon v. Eastern Kentucky Welfare Rights Organization</u>, 426 U.S. 26, 38 (1976);
4  <u>N.A.A.C.P., Western Region</u>, 743 F.2d at 1353.

   In this petition, Petitioner challenges his re-incarceration as a result of a parole revocation proceeding that Petitioner maintains was unlawful. The only relief Petitioner requests is his release from incarceration. By Petitioner's own admission, he has been discharged from parole and released from custody. Since Petitioner's only ground for relief concerned his release from custody, and since that relief has now been afforded to him, there is no further relief that this Court can provide in these habeas proceedings. Accordingly, the action is moot and should be dismissed. <u>Murphy v. Hunt</u>, 455 U.S. at 481; <u>Iron Arrow</u>, 464 U.S. at 70.

## **RECOMMENDATION**

   Accordingly, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT. This Report and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 6, 2007**                              **/s/ Theresa A. Goldner**
**j6eb3d**                                                      UNITED STATES MAGISTRATE JUDGE

2